## EATON v. COMMISSIONER OF INTERNAL REVENUE.

### No. 7855.

Circuit Court of Appeals, Ninth Circuit.

March 19, 1938.

Perry W. Shrader and ·Cecil H. Haas, both of Kansas City, Mo., and Chas. M. Frey, of San Francisco, Cal., for petitioner.

James W. Morris, Asst. U. S. Atty. Gen., and Sewall Key, Berryman Green, and Ellis N. Slack, Sp. Assts. to the Atty. Gen., for respondent.

·Before WILBUR, GARRECHT, and HANEY, Circuit Judges.

HANEY, Circuit Judge.

In a former opinion, 9 Cir., 81 F.2d 332, 334, we remanded this proceeding to the Board of Tax 'Appeals, with instructions that the Board make "a specific finding on the question of whether or not the loss incurred by the taxpayer was incurred in the course of his trade or business," and we further directed "that a specific finding be made on the question of whether or not the taxpayer at the time he purchased the land intended to destroy the trees."

The facts underlying the petition herein are set forth in our former opinion.

Pursuant to our mandate the Board made the following specific findings: "We are of the opinion and find as a fact that any loss that may have been sustained by the petitioner by reason of the destruction of the apple and pear trees on the land purchased was incurred in the course of the petitioner's trade or business," and, also, "We find as a fact that the petitioner at the time he purchased the land in question intended to destroy the trees that were destroyed immediately thereafter and to retain those trees that were saved," and consequently found that there was no deductible loss.

Upon such findings the Board again made its decision "that there is a deficiency of $4,537.06 for the year 1928" of which petitioner here seeks review.

The findings above set forth are in conformity with our order, and mean that the loss if ·any was incurred "in the course of petitioner's trade or business," but that there was in fact no deductible loss because the trees destroyed had no cash basis.

The only question for our consideration is whether or not there is any substantial evidence to support such findings. We hold that there is ample evidence, including testimony of witnesses of respondent, not only tending to show but rather bearing conviction that respondent acquired the land for the purpose of producing lettuce and with the definite intention of removing the trees in accordance with the program which he almost immediately carried out.

Affirmed.